UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JORGE BENITEZ, DAVID HERNANDEZ,
and JORGE HERNANDEZ,

                  Plaintiffs,

                  -against-

F & V CAR WASH, INC., d/b/a COLONY
CARWASH; VINCENZO FROGIERO; and
FRANK GUIDICE, jointly and severally,

                  Defendants.
------------------------------------------------------------ x

**SUMMARY ORDER**
11-CV-01857 (DLI) (SMG)

**DORA L. IRIZARRY, U.S. District Judge:**

      Jorge Benitez, David Hernandez, and Jorge Hernandez (collectively "Plaintiffs") bring this action seeking compensation for, *inter alia*, unpaid minimum and overtime wages, against F & V Car Wash, Inc., d/b/a Colony Carwash, Vincenzo Frogiero, and Frank Guidice (collectively "Defendants"), pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the New York Labor Law, Art. 6, §§ 190 *et seq.* and Art. 19, §§ 650 *et seq.* (collectively "NYLL"). (2d Am. Compl. ¶¶ 1-2.)

      Defendants requested a Pre-Motion Conference to seek permission to move to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"), on the ground that the court lacks subject matter jurisdiction over the action because Defendants do not qualify as an "enterprise" within the meaning of 29 U.S.C. §§ 203(s)(l)(A)(i)-(ii). Defendants further seek a stay of discovery pending the outcome of the proposed motion. (*See* Dkt No. 21, Defs.' March 26, 2012 Letter.) Plaintiffs oppose the request and assert that Defendants' motion is unwarranted by existing law because several courts in this Circuit have denied identical Rule 12(b)(1) motions holding that the determination of whether a defendant is an enterprise, for

purposes of the FLSA, is not a jurisdictional issue but an element of an FLSA cause of action. Plaintiffs also ask the court to deny Defendants' motion for a stay of discovery as Plaintiffs contend they are entitled to discovery of the factual issues implicated by Defendants' motion. (*See* Dkt No. 20, Pls.' Letter Dated March 25, 2012 (citing cases).) On March 30, 2012, the court granted Defendants' request and scheduled a Pre-Motion Conference for April 26, 2012.

However, after review of recent case law in this Circuit, the court concurs with Plaintiffs and concludes that the question of whether a defendant qualifies as an enterprise under the FLSA is not a jurisdictional issue, but an element that a plaintiff must establish in order to prove liability. Accordingly, Defendants' Rule 12(b)(1) motion is unsupported by existing case law and, therefore, is denied. *See, e.g, Zaldivar v. Anna Bella's Cafe, LLC*, 2012 WL 642828, at *3 (E.D.N.Y. Feb. 28, 2012) (denying Rule 12(b)(1) motion premised on the argument that defendants do not qualify as an enterprise under the FLSA because "Plaintiff's failure" to make the enterprise coverage showing "does not deprive this Court of subject matter jurisdiction.... [as] courts have consistently held that enterprise coverage is an element of an FLSA claim that Plaintiff must plead and prove to establish liability." (internal citations omitted)); *Romero v. Jocorena Bakery, Inc.*, 2010 WL4781110, at *2 (E.D.N.Y. Nov. 23, 2010) (citing cases) ("[T]he requirement that the enterprise has at least $500,000 in annual gross sales is not a jurisdictional issue, but rather an element of plaintiffs' cause of action, which plaintiff is required to plead and prove in order to succeed in establishing liability under the FLSA."); *Padilla v. Manlapaz*, 643 F. Supp. 2d 298, 300 (E.D.N.Y. 2009) ("Defendants argue that they never met the $500,000 requirement for enterprise coverage under the FLSA, thereby precluding subject matter jurisdiction over Plaintiff's claims . . . Defendants may raise some doubt as to whether Plaintiffs claims under the FLSA are viable. However, this does not raise a jurisdictional issue."); *Saca v.*

*Dav-El Reservation Systems, Inc.*, 600 F. Supp. 2d 483, 485 (E.D.N.Y. 2009) (numerous courts have "concluded that a defendant claiming to be exempt from the FLSA is challenging the merits of the FLSA claim rather than the court's jurisdiction over the subject matter."); *Casares v. Henry Limousine Ltd.*, 2009 WL 3398209, at *1 (S.D.N.Y. Oct. 21, 2009) (collecting cases) ("[T]here is substantial authority that a Rule 12(b)(1) motion for lack of subject matter jurisdiction is not the appropriate procedural device for defendants to assert exemptions to the FLSA."); *Velez v. Vassalo,* 203 F. Supp. 2d 312, 331 (S.D.N.Y. 2002) (plaintiff's obligation to demonstrate that an employer is an enterprise engaged in commerce is "simply an element of the cause of action" and a "failure to make this showing constitutes a failure on the merits;" therefore, "even if it were to be found that [defendant] is not an 'enterprise' within the meaning of the statute, this would not affect the Court's subject matter jurisdiction." (internal citation omitted)).

The court finds it troubling that Defendants failed to cite a single case in their March 26, 2012 letter, given the existence of abundant case law in this Circuit that addresses whether a motion for lack of subject matter jurisdiction is an appropriate means by which a defendant may assert exemptions to the FLSA. As this case law is easily found after a cursory search, the court assumes that Defendants' counsel is aware of it. As such, it was incumbent upon Defendants' counsel to bring this case law to the court's attention and to set forth good faith arguments in Defendants' letter regarding why the instant matter is distinguishable, such that a Rule 12(b)(1) motion would be proper. The court can only conclude that Defendants' omission of this case law from its letter was, at best, sloppy lawyering, or, at worst, an intentional misrepresentation. The court reminds Defendants of its authority, pursuant to Rule 11 of the Federal Rules of Civil Procedure, to impose sanctions where a party makes false, misleading, improper, or frivolous

representations to the court. *See Williamson v. Recovery Ltd. Partnership*, 542 F. 3d 43, 51 (2d Cir. 2008) ("Rule 11(c) of the Federal Rules of Civil Procedure [ ] allows the court to sanction a party, if the court determines that the party has violated Rule 11(b) by making false, misleading, improper, or frivolous representations to the court."). The parties are therefore on notice that any future false, misleading, improper, or frivolous representations made to the court will result in the imposition of sanctions.

## Conclusion

For the forgoing reasons, Defendants' request to move to dismiss for lack of subject matter jurisdiction is denied because it is unwarranted by existing law and the Pre-Motion Conference scheduled for April 26, 2012 is cancelled. Additionally, Defendants' stay of discovery request is denied as moot and the parties are directed to comply with the discovery schedule and orders as set forth by Chief Magistrate Judge Steven M. Gold. If Defendants intend to move for judgment on the pleadings or summary judgment in this matter they shall make that request in writing to this Court.

SO ORDERED.

Dated: Brooklyn, New York
April 24, 2012

_____/s/_____
DORA L. IRIZARRY
United States District Judge